IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, #290946, | Case No. 2:21-cv-00991-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden Donnie Stonebreaker, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 14) recommending that the Court dismiss Petitioner's petition without prejudice and without requiring the Warden to respond. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Petitioner's petition without prejudice.

**I.  Background**

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As outlined in detail in the R&R, (Dkt. No. 14 at 1-3), this is Petitioner's fifth habeas petition pursuant to § 2254.

To summarize, in August 2005, Petitioner was found guilty by a South Carolina state court jury of murder and possession of a firearm during a crime of violence. Petitioner was sentenced to life imprisonment for the murder conviction and five years for the firearm possession. Petitioner filed an appeal which was dismissed in 2008. Petitioner then filed three applications for post-conviction relief in state court, arguing that he was unlawfully in custody on the basis of an insufficient indictment, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. Each application was dismissed.

In March 2012, Petitioner filed his first petition for federal habeas corpus pursuant to § 2254, arguing numerous grounds for ineffective assistance of trial and appellate counsel. *Collins v. Padula*, No. 2:12-710-CMC-BHH, Dkt. No. 1. The District Court considered the petition's merits and dismissed with prejudice, finding that Petitioner failed to demonstrate he was prejudiced because of counsels' deficient performance and, to the extent Petitioner argued the trial court erred in admitting specific evidence, Petitioner had a full and fair opportunity to litigate the claim in state court. *See* No. 2:12-710-CMC, Dkt. No. 66. Petitioner appealed to the Court of Appeals for the Fourth Circuit, which dismissed for lack of jurisdiction based on an untimely appeal. *Collins v. Padula*, 575 Fed. App'x 131 (4th Cir. 2014) (Mem).

In August 2015, Petitioner filed his second federal habeas petition on the grounds of "extrinsic fraud." *Collins v. McFadden*, No. 2:15-cv-3378-RMG-MGB, Dkt. No. 1 at 5. This Court considered the petition's merits and dismissed it as an unauthorized successive petition. *See* No. 2:15-cv-3378-RMG (Dkt. No. 22). In June 2018, Petitioner filed his third petition for habeas corpus, again alleging ineffective assistance of counsel and challenging the state court's admission of certain letters into evidence. *Collins v. Williams*, No. 2:18-cv-1490-RMG-MGB. This Court dismissed that petition as an unauthorized successive petition. In July 2020, Petitioner filed a fourth petition for habeas corpus which the Court again dismissed as an unauthorized successive petition. *Collins v. Warden of Broad River Correctional*, No. 2-10-cv-2652-RMG (Dkt. No. 7).

On April 5, 2021, Petitioner filed the instant petition repeating claims of "extrinsic fraud." (Dkt. No. 1 at 5, 15).

On September 17, 2021, the Magistrate Judge filed an R&R recommending the instant petition be dismissed without prejudice. (Dkt. No. 14). Petitioner did not file objections.

II.     **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner did not file objections to the R&R, the R&R is reviewed for clear error.

### III.   Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the instant petition should be dismissed without prejudice. As noted in the R&R, the Court lacks jurisdiction to hear this petition because it is a second and/or successive petition under § 2244(b) and Petitioner does not appear to have received authorization from the Fourth Circuit Court of Appeals to pursue this action. *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) (noting that the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."). In the absence of this required authorization, a district court has no jurisdiction to consider the merits of a successive habeas

petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a successive petition deprived the district court of jurisdiction to consider the successive petition). Because the present § 2254 petition constitutes an unauthorized successive petition, the Court cannot consider the merits of Petitioner's claims and must therefore dismiss this action in its entirety.

## IV. Certificate of Appealability

A Certificate of Appealability will issue only on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Where the Court denies relief on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds a Certificate of Appealability is not warranted here because reasonable jurists would not find it debatable that this Court lacks jurisdiction over Petitioner's clearly unauthorized successive petition.

## V. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 14) as the order of Court and **DISMISSES** this action without prejudice.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 6, 2021
Charleston, South Carolina